1   Bruce G. Vanyo (SBN 60134)
    bruce@kattenlaw.com
2   Yonaton M. Rosenzweig (SBN 248137)
    yoni.rosenzweig@kattenlaw.com
3   KATTEN MUCHIN ROSENMAN LLP
    2029 Century Park East, Suite 2600
4   Los Angeles, CA 90067-3012
    Telephone:  310.788.4400
5   Facsimile: 310.788.4471

6   Michael J. Lohnes (*Pro Hac Vice*)
    michael.lohnes@kattenlaw.com
7   KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street
8   Chicago, IL 60661-3693
    Telephone:  312.902.5341
9   Facsimile: 312.577.4721

10  Attorneys for Defendant
    ClickSoftware Technologies Ltd.
11

12              **THE UNITED STATES DISTRICT COURT**

13            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14                      **SOUTHERN DIVISION**

15

| | |
|---|---|
| 16  VINCENT ZINNI, on behalf of himself and those similarly situated, | Case No.: 15-cv-00863-JLS-JCGx |
| 17             Plaintiff, | **CONFIDENTIALITY STIPULATION AND ORDER** |
| 18      v. | |
| 19  CLICKSOFTWARE TECHNOLOGIES LTD., ISRAEL BOROVICH, MOSHE BENBASSAT, SHAI BEILIS, NIRA DROR, SHLOMO NASS, MENAHEM SHALGI, GIL WEISER, FRANCISCO PARTNERS, LP, OPTIMIZER TOPCO S.A.R.L, OPTIMIZER MERGER HOLDINGS LTD. | |
| 24             Defendants. | |

1 WHEREAS, Plaintiff Vincent Zinni and Defendant ClickSoftware Technologies Ltd., are prepared to engage in discovery in the above-captioned matter (the "Litigation"), which may include, among other things, taking depositions and producing documents for inspection and copying;

WHEREAS, the companies and individuals named in the Litigation could be prejudiced by the public disclosure of non-public financial data, business strategies, or other confidential, privileged, proprietary or otherwise commercially sensitive information or documents;

WHEREAS, good cause exists for entry of this Confidentiality Stipulation and Order (the "Stipulation and Order"); and

WHEREAS, the entry of this Stipulation and Order will promote the fair and expeditious resolution of this litigation;

IT IS HEREBY ORDERED, that pursuant to Federal Rule of Civil Procedure 26, the handling of documents, testimony, depositions, deposition exhibits and any other information produced, received or exchanged by and among the parties and any non-parties to this Litigation be governed by the following (such information hereinafter referred to as "Discovery Material"):

1. In responding to requests for discovery, any party providing Discovery Material (the "Producing Party") may designate such Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Stipulation and Order if the Producing Party believes in good faith that such Discovery Material contains non-public or other commercially sensitive information that requires the protections provided by this Stipulation and Order ("Confidential Information" or "Highly Confidential Information").

2. For purposes of this Stipulation and Order, information considered to be "Confidential" Discovery Material includes material that counsel in good faith believes contains or reflects non-public, confidential, financial, or commercially, personally, or legally sensitive information.

3. For purposes of this Stipulation and Order, information considered to be "Highly Confidential" Discovery Material includes all non-public materials reflecting: ongoing negotiations with potential investors, partners, or acquirers; alternative acquisition offers or expressions of interest; proposed strategic transactions or other business combinations with parties other than Francisco Partners Management, L.P. and its affiliates and ClickSoftware Technologies Ltd.; SEC examination or other confidential regulatory matters; trade secrets or other current proprietary technical information; current pricing or cost information or information regarding customer contracts; financial or business plans or projections; documents subject to a confidentiality obligation owed by a Producing Party to any third party; or other sensitive business or commercial information, such that disclosure of the information may result in competitive injury to the Producing Party (other than such harm as might arise from it being adverse evidence in the Litigation).

4. The designation of Discovery Material as Confidential or Highly Confidential for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

   (a) stamping or otherwise marking documents and things (or portions thereof) with the word "Confidential" or "Highly Confidential". In the case of multi-page documents, each page which is designated as "Confidential" or "Highly Confidential" shall be appropriately stamped.

   (b) in the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of or following such disclosure, that such testimony shall be treated as Confidential or Highly Confidential Information; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript, that such testimony shall be treated as Confidential or Highly Confidential Information, and including a copy of the deposition transcript containing the designation "Confidential" or "Highly Confidential" for each page of testimony so designated. Until the ten-business-day period expires, the entirety of such transcripts

shall be treated as Highly Confidential Information. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court.

5. More than one party may designate the same material as Confidential Material or Highly Confidential Material. If a non-producing party designates material as Confidential Material or Highly Confidential Material, it shall do so by giving written notice to all parties within thirty (30) days of production that the material is to be so designated by stamping or otherwise marking the designated material as Confidential Material or Highly Confidential Material as described above.

6. Any Producing Party may also apply for an order to supplement the foregoing categories of Confidential or Highly Confidential Information or to establish that particular Discovery Material not within the foregoing categories is Confidential or Highly Confidential.

7. Discovery Material, or information derived therefrom, shall be used solely for the purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in pursuit of any other litigation or claim, or any communications with, between or among stockholders not involved in this Litigation.

8. Discovery Material designated as "Confidential" may be disclosed, summarized or otherwise communicated in whole or in part by a Receiving Party only to the following persons:

(a) the parties and counsel who represent the parties that have appeared in the Litigation (and legal counsel's staff) for use in accordance with this Stipulation and Order;

(b) experts or consultants as may be necessary to provide assistance in the Litigation, pursuant and subject to paragraph 9(a) of this Stipulation and Order;

(c) deposition witnesses;

(d) the directors, officers, employees (including, but not limited to, inside counsel), management personnel and/or investment advisors of the parties or any subsidiary or affiliate thereof, who are assisting the parties in this Litigation, or who appear as witnesses or deponents, and any professional employee of any person providing professional advice to any of the corporate defendants;

(e) authors of documents not otherwise covered by paragraph 8, but only for those documents authored by the individual;

(f) recipients of documents not otherwise covered by paragraph 8, but only for those documents received by the individual;

(g) any person to whom the Producing Party previously provided Confidential Information and who is not otherwise covered by paragraph 8, but only for those documents previously provided;

(h) the Court, Court personnel, court reporters employed in connection with the Litigation, and photocopy or e-discovery services retained by counsel;

(i) employees and consultants of the Court necessary for the adjudication of this Litigation; and

(j) any other person only upon order of the Court or upon stipulation of the Producing Party.

9. Discovery Material designated by the Producing Party as "Confidential," may be provided to persons listed in paragraph 8(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Litigation, *provided* that such expert or consultant (i) is not currently advising, or engaged to advise, any direct business competitor of, or actual party to any transaction or business relationship with, the Producing Party, and (ii) is using said Confidential Information solely in connection with the Litigation, and *further provided* that such expert or consultant confirms his or her understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of an Agreement To Be Bound By Protective Order in the form attached as Exhibit A

hereto, which copy shall be maintained by counsel for the Receiving Party who seeks to disclose such Confidential Information, and copies of any executed Agreement To Be Bound By Protective Order shall be disclosed to counsel for the Producing Party.

10. Before a party or its counsel may show or disclose Discovery Material designated by another party as "Confidential" to any person listed in paragraph 8(c) (to the extent such persons are not covered by the other subparagraphs of paragraph 8), that person shall be advised that the Confidential Information is disclosed subject to this Stipulation and Order and may not be disclosed other than pursuant to its terms.

11. Discovery Material designated as "Highly Confidential" may be disclosed, summarized or otherwise communicated in whole or in part by a Receiving Party only to the following persons:

(a) outside counsel to the parties, provided such counsel have submitted their appearance with the Court in the Litigation, and regular and temporary employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) a non-party witness or deponent and his or her counsel if it appears from the face of the document that the document was received by that witness, authored by that witness, or communicated to that witness, or that such witness is employed by a party or non-party that authored or received the document;

(c) experts or consultants, including litigation support vendors, who are not officers, directors, managers or employees of any party and who are necessary to assist outside counsel of record in the conduct of the Litigation; provided, however, that Discovery Material designated as Highly Confidential shall not be disclosed to any expert or consultant who is assisting or advising in any way, any person, or the attorney for any person, in any matter other than this Litigation that is adverse to the other parties in this Litigation. Any such persons receiving Discovery Material designated Highly Confidential shall first agree to abide by the terms and conditions of this Stipulation and

1  Order, and shall so evidence such undertaking by signing the form attached hereto as
2  Exhibit A;

3      (d)    the Court, Court personnel, and similar personnel; provided that a
4  receiving party who seeks to file with the Court any deposition transcripts, exhibits,
5  answers to interrogatories and other documents which have previously been designated
6  as comprising or containing Confidential Material and/or Highly Confidential Material,
7  and any pleading, brief or memorandum which reproduces, paraphrases or discloses
8  Confidential Material and/or Highly Confidential Material, shall provide all other parties
9  with seven (7) business days' written notice of its intent to file such material with the
10 Court, so that the Producing Party may file by Order to Show Cause a motion to seal
11 such Confidential Material and/or Highly Confidential Material;

12     (e)    Court reporters employed in connection with the Litigation; and

13     (f)    any other person only upon order of the Court or upon stipulation
14 of the party that produced the Discovery Material designated as Highly Confidential.

15     12.    Notwithstanding the other terms of this Stipulation and Order, the
16 Producing Party may request in writing (or on the deposition record in the case of
17 testimony) that Confidential or Highly Confidential Information not be disclosed to
18 particular persons or categories of persons to whom Confidential or Highly
19 Confidential Information would otherwise be permitted to be disclosed.  Such a
20 request shall be made only if disclosure of Confidential or Highly Confidential
21 Information to the particular person or categories of persons is reasonably likely to
22 cause injury to the Producing Party's business interests.  Any disagreement over such
23 request shall be resolved promptly or, absent such resolution, the parties hereby
24 consent to an expedited hearing upon the motion of the Producing Party to resolve
25 their disagreement and, pending such resolution, the confidentiality of Confidential or
26 Highly Confidential Information shall be maintained in accordance with the Producing
27 Party's request.

28     13.    All documents of any nature, including briefs, which have been

1 designated as "Confidential" or "Highly Confidential" that are lodged and/or filed with the Court and authorized to be filed under seal, shall be filed under seal, in accordance with the following procedures. In connection with filing any material under seal, or attempting to file any material under seal, the parties agree to refrain, wherever possible, from including Confidential or Highly Confidential Information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents – and the Court's docket sheet reflecting those titles – may remain public. Moreover, all filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. Filings containing Confidential or Highly Confidential Information may be filed under seal in their entirety.

14. Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Information or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as or constitute an admission by any party that any particular Confidential or Highly Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential matter;

(b) operate as or constitute an admission by any party that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by such Producing Party to be Confidential or Highly Confidential within the meaning of paragraph 1;

(c) operate as or constitute a waiver of any attorney-client, work product or other privilege;

(d) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(e) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

(f) prejudice in any way the rights of any party to request that particular Discovery Material or Confidential or Highly Confidential Information be treated more restrictively than otherwise provided for herein, and, absent agreement of the parties, to petition the Court for a further protective order relating to any Confidential or Highly Confidential Information;

(g) prejudice in any way the rights of any party to seek a court determination whether any materials should be subject to the terms of this Stipulation and Order; or

(h) prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

15. If a party in possession of Confidential or Highly Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential or Highly Confidential Information, that party shall give written and telephonic notice to counsel for the Producing Party as soon as practicable, but in no event more than two (2) business days after receipt of the subpoena or other compulsory process, identifying the Confidential or Highly Confidential Information sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order in the court from which the subpoena is issued, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential or Highly Confidential Information called for prior to receiving a court order or the consent of the Producing Party, unless otherwise required by law, court rule or order. In the event that Discovery Material containing Confidential or Highly Confidential Information is produced to the non-party, it shall still be treated as Highly Confidential by the parties to this Stipulation and Order.

16. The inadvertent production of any document or other information during discovery in the Litigation shall be without prejudice to any claim that such material is

privileged under the attorney-client, business strategies immunity or other privilege or protected from discovery as work product, and no person shall be held to have waived any rights by the inadvertent production. Upon written request by the inadvertently producing person within five (5) business days of discovering such inadvertent production, the Receiving Party (a) shall return the original and all copies of such documents, and (b) shall not use the information for any purpose until further order of the Court or stipulation of the parties. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an order compelling production of the material, but such motion shall not assert as grounds for entering such an order that the Producing Party waived any privilege because of the inadvertent production.

17. The inadvertent failure to designate materials as "Confidential" or "Highly Confidential" in accordance with Paragraph 4 herein does not constitute waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such material will be subject to the protections of this Stipulation and Order from the time it is designated "Confidential" or "Highly Confidential." Upon receipt of such a supplemental designation, any receiving party that disclosed the material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such material, (ii) to ensure that any paper or electronic documents derived from any such material, which paper and electronic documents may be retained by the receiving party, is treated as if the material had originally been designated "Confidential" or "Highly Confidential," and (iii) to ensure such material is not further disclosed except in accordance with the terms of this Stipulation and Order. If materials are redesignated "Confidential" or "Highly Confidential," any receiving party shall exercise best efforts to return to the Producing Party, or destroy all copies of, inappropriately designated materials. The parties shall exercise best efforts to cooperate to protect later-designated materials that previously have been filed with the

9
CONFIDENTIALITY STIPULATION AND ORDER

1 Court.

2     18.    This Stipulation and Order shall have no effect upon, and shall not apply to, the Producing Party's use of its own Confidential or Highly Confidential Information, except that any intentional publication or dissemination of such Confidential or Highly Confidential Information into the public domain shall render such information non-confidential. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

    19.    Third-party witnesses and other parties may avail themselves of the procedures in this Stipulation and Order for access to documents they produce by agreeing in writing to be bound by the terms, conditions and restrictions of this Stipulation and Order.

    20.    In the event additional parties join or are joined in the Litigation, they shall not have access to Confidential or Highly Confidential Information until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

    21.    During the pendency of the Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential shall so advise the designating party in writing, and the parties shall endeavor in good faith to resolve the objection. The objecting party will then have fourteen (14) business days from the date of the written objection to apply for a ruling from the Court that the Confidential or Highly Confidential designation is inappropriate. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential or Highly Confidential Information pursuant to this Stipulation and Order.

    22.    The foregoing is without prejudice to the right of any party to this

Stipulation to object to the production of documents it considers not subject to discovery, or to apply to the Court for an order compelling production of documents or modification of this Stipulation or for any order permitting disclosure of Confidential Material and/or Highly Confidential Material beyond the terms of this Stipulation.

23. In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, counsel shall confer on such procedures as are necessary to protect the confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material used in the course of any court proceeding.

24. If any Confidential Discovery Material or Highly Confidential Discovery Material is ever publicly disclosed or becomes part of an unsealed record of the Court in connection with this Litigation or any other matter, such Confidential Discovery Material or Highly Confidential Discovery Material shall lose its status as Confidential or Highly Confidential.

25. Within sixty (60) days after the conclusion of this proceeding and any related appeals, all persons having received Discovery Material containing Confidential or Highly Confidential Information shall either return such material and all copies to counsel for the Producing Party or certify in writing to the Producing Party that such documents have been destroyed. Outside counsel for the parties shall be entitled to retain court papers and exhibits (including appendices), discovery responses and objections signed by counsel, deposition and trial transcripts and attorney work product containing Confidential or Highly Confidential Information; *provided* that outside counsel, and employees of outside counsel, shall not disclose court papers or attorney work product to any person except pursuant to court order or agreement with the Producing Party.

26. This Stipulation does not purport to govern the admissibility of Confidential Material and/or Highly Confidential Material introduced at trial or in

1 other court proceedings related to this lawsuit or to limit or prohibit the making of any
2 objections with respect to the relevance of Confidential Material and/or Highly
3 Confidential Material.

4 IT IS SO STIPULATED.

5 DATED: July 15, 2015        **KATTEN MUCHIN ROSENMAN LLP**

6        By:      /s/
7              Yonaton M. Rosenzweig
       Attorneys for Defendant
8        CLICKSOFTWARE TECHNOLOGIES LTD.

9 DATED: July 15, 2015        **BRODSKY & SMITH LLC**

10

11        By:      /s/
             Evan J. Smith
12        Attorneys for Plaintiff
       VINCENT ZINNI

13 [Filed with concurrence and authority]

14

15 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

16 DATED: July 10, 2015

17

18 _____
       HON. JAY C. GANDHI
19        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

12
CONFIDENTIALITY STIPULATION AND ORDER

# EXHIBIT A

## Agreement to Be Bound by Protective Order

I have been informed that on _____, 2015, the U.S. District Court for the Central District of California entered a protective order in litigation titled *Zinni v. ClickSoftware Technologies Ltd., et al.*, Case No. 8:15-cv-00863-JLS-JCG. I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Central District of California for purposes of any proceeding relating to the protective order, including my receipt and review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Company)

Dated:_____