1 Evan J. Smith
BRODSKY & SMITH, LLC
2 9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
3 Telephone: (877) 534-2590
Facsimile: (310) 247-0160
4

5 *Attorneys for Plaintiff*

6 [Additional Counsel on Signature Page]

7

8 **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
9 **SOUTHERN DIVISION**

10

11 VINCENT ZINNI, on behalf of himself
and those similarly situated,

12

13                              Plaintiff,        Case No.  8:15-cv-00863-JLS-JCG
                      v.
14                                                **SUPPLEMENTAL MEMORANDUM**
CLICKSOFTWARE TECHNOLOGIES     **OF POINTS AND AUTHORITIES IN**
15 LTD., ISRAEL BOROVICH, MOSHE   **FURTHER SUPPORT OF**
BENBASSAT, SHAI BEILIS, NIRA   **PLAINTIFF'S MOTION FOR**
16 DROR, SHLOMO NASS, MENAHEM     **VOLUNTARY DISMISSAL**
17 SHALGI, GIL WEISER, FRANCISCO
PARTNERS LP, OPTIMIZER TOPCO   Date:  May 13, 2016
18 S.A.R.L., and OPTIMIZER MERGER   Time: 2:30 PM
19 HOLDINGS LTD.,                 Place: Courtroom 10A

20

21                              Defendants.

22

23

24 **I.    INTRODUCTION**

25        Pursuant to this Court's Order of April 19, 2016, requesting a supplemental

26 brief to be filed no later than Friday, May 6, 2016, in connection with Plaintiff's

27 Motion for Voluntary Dismissal (the "Order"), Plaintiff submits this memorandum

28 of law identifying "decisions wherein a court approved the payment of attorneys'

                                           1

1 fees by defendant to plaintiff's counsel where there was a voluntary dismissal of

2 class claims without prejudice, a voluntary dismissal with prejudice of plaintiff's

3 individual claims, and plaintiff obtained no recovery." Order, at 1.

4    Plaintiff seeks reimbursement of attorneys' fees and expenses for his mooted

5 claims and Defendants do not oppose the reimbursement of modest attorneys' fees

6 and costs to Faruqi & Faruqi, LLP in the amount of $67,500.00 and to Brodsky &

7 Smith, LLC in the amount of $67,500.00.

8 **II.    DECISIONS MEETING THE COURT'S FOUR REQUIREMENTS**

9    The Order requests that Plaintiff identify decisions[1] that meet four

10 requirements:

11    1)    wherein a court approved the payment of attorneys' fees by
         defendant to plaintiff's counsel;

12    2)    where there was a voluntary dismissal of class claims without

13       prejudice;

14    3)    a voluntary dismissal with prejudice of plaintiff's individual claims;

15    4)    and plaintiff obtained no recovery.[2]

16 Plaintiff has identified one California decision and three Delaware decisions meeting

17 these requirements (the "Four Requirements") all of which were within the past 15

18 months.  These decisions are discussed below.

19

20

21

22 [1] In the context of awards of mootness fees in M&A litigation, the court dockets usually end with
the plaintiff filing a motion to dismiss for mootness with an agreed upon amount of attorneys' fees,
23 a reference to the supplemental disclosure which was the result of plaintiff's litigation efforts, and
a court order.  For the sake of brevity, these various filings combined are referred to herein as
24 decisions.

25 [2] In the Delaware decisions, plaintiffs obtained no monetary recovery, but did obtain supplemental
26 disclosures.  In the California action, there was a price bump post-complaint but defendants denied
the price bump had anything to do with plaintiffs' litigation.  Defendants conceded, however, that
27 the cause of the supplemental disclosures in that action, described *infra*, was "[i]n connection with
certain litigation."

28

2

## A.    California Decision

In *In re Integrated Silicon Solution, Inc. Stockholder Litig.*, ("*ISS*"), Lead Case No. 115CV278815 (Santa Clara, CA Sept. 24, 2015) (Hon. Peter H. Kirwan), the Order states that the "action is dismissed with prejudice as to Plaintiffs" and the action is "dismissed as to the class without prejudice" thus meeting requirements 2 and 3 above. *See* Order Granting Plaintiffs' Request For Dismissal and Request for Dismissal, at 2 (the "*ISS* Order"), a true and correct copy of which is attached to the Declaration of Evan J. Smith in Further Support of Plaintiff's Motion for Voluntary Dismissal (hereinafter "Smith Decl.") at Exhibit A.[3]  The Declaration of David E. Bower in Support of Plaintiffs' Request For Dismissal, dated Sept. 18, 2015, in the same action shows, at ¶ 27, that the *ISS* Order awarded an agreed upon sum of $1,500,000 to Plaintiffs' counsel for fees and expenses (thus meeting Requirement 1). *Id.*  As to Requirement 4 (no recovery), there was a price bump post-complaint but defendants denied the price bump had anything to do with the litigation. Defendants conceded, however, that the cause of the supplemental disclosures in that action was "[i]n connection with certain litigation." *See* the *ISS* Supplemental Disclosures, filed as Amendment No. 3 to the Schedule 14A, on June 17, 2015. *Id.*

## B.    Delaware Decisions

Identified below are three decisions from the Delaware Court of Chancery that meet each of the Four Requirements.  All the decisions were decided within approximately the last year.  Mootness attorneys' fees awarded for supplemental disclosures range from $450,000 to $750,000.

1.    *In re DFC Global Corp. Shareholders Litig.*, Consolidated, C.A. No. 9520-CB (Del. Ch. March 27, 2015) pursuant to the "Granted Stipulation and [Proposed] Order Closing Case" dated, March 27, 2015 (the "*DCF* Order"), the action was dismissed "with prejudice only to plaintiffs individually and without

---

[3] Exhibits referred to in this Supplemental Memorandum are attached to the Declaration of Evan J. Smith in Further Support of Plaintiff's Motion for Voluntary Dismissal, filed contemporaneously herewith.

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

prejudice [to the class]" meeting Requirements 2 and 3.  A true and correct copy of this granted Stipulation and Order is attached to the Smith Decl. at Exhibit B.  The Notice to Stockholders referenced in the *DCF* Order shows fees of $750,000 were awarded and refers to supplemental disclosures filed with the SEC on May 28, 2014, but no price bump or other monetary benefit was obtained.  *Id.*  Thus, all Four Requirements were met.

2.   *In re Office Depot, Inc. Stockholders Litig.*, Consolidated, C.A. No. 10655-CB, the "Granted Stipulation and Order Regarding Dismissal of the Above-Captioned Action with Exhibit A," dated Nov. 2, 2015, (the "*Office Depot* Order"), awarded attorneys' fees and shows the supplemental disclosures that were made.  A true and correct copy of which is attached to the Smith Decl. at Exhibit C.  The "Granted with Modifications Stipulation and Order Regarding Payment of Attorney's Fees and Expenses," dated Oct. 27, 2015, shows that the amount of fees awarded was $500,000. *Id.*  The *Office Depot* Order shows supplemental disclosures were filed with the SEC and also refers to the court "dismissing the action *with prejudice only as to plaintiffs*."  (Emphasis added).  *Id.*  Thus, all of the Four Requirements were met.

3.   Mootness attorneys' fees of $450,000 were awarded in *Cohen v. Malone* [Liberty Broadband], C.A. No. 11416-VCG, pursuant to an order entitled "Granted Stipulation of Dismissal," dated January 25, 2016 and another order entitled "Granted Stipulation and Order Regarding Notice of Dismissal," dated January 11, 2016.  A true and correct copy of which is attached to the Smith Decl. at Exhibit D.  Although brought as a class action, the order states that plaintiffs were "dismissing the action with prejudice only as to plaintiffs."  *Id.*  Supplemental disclosures were contained in a September 11, 2015 Proxy Statement.  Thus, all Four Requirements were met.

4

**III.    CONCLUSION**

      For all of the foregoing reasons, Plaintiff respectfully requests the Court dismiss the action with prejudice as to the Plaintiff and without prejudice as to the class, and enter the proposed Order.

DATED:  May 5, 2016                  Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:  _/s/ Evan J. Smith_
     Evan J. Smith
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone:  (877) 534-2590
Facsimile:   (310) 247-0160

**FARUQI & FARUQI, LLP**
Juan E. Monteverde
685 Third Ave, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:   (212) 983-9331

*Attorneys for Plaintiff Vincent Zinni*

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL